Filed 12/9/24  P. v. Harmon CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B335051 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA030176) |
| v. | |
| DERICK DARNELL HARMON, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Ricardo R. Ocampo and Teresa P. Magno, Judges. Appeal treated as petition for writ of habeas corpus; petition granted.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1994, Derick Darnell Harmon was convicted of robbery. His sentence included, among other enhancements, three one-year prior prison term enhancements under Penal Code[1] section 667.5, subdivision (b). The Legislature subsequently deemed all section 667.5, subdivision (b), enhancements to be invalid unless imposed for a sexually violent offense. It also made persons in the custody of the California Department of Corrections and Rehabilitation (CDCR) serving time on a judgment including the now-invalid enhancement potentially eligible for resentencing under former section 1171.1, later renumbered section 1172.75.

In July 2022, after receiving notice from CDCR that Harmon was potentially eligible for resentencing, the trial court struck Harmon's three section 667.5, subdivision (b), enhancements but did not hold a full resentencing hearing as required by section 1172.75, nor did it notify Harmon that it was conducting any type of hearing. The following year, in September 2023, Harmon filed a motion, seeking a resentencing hearing under section 1172.75. In December 2023, the trial court denied the motion for lack of jurisdiction and Harmon appealed.

Harmon contends, the Attorney General concedes, and we agree that the trial court erred in not conducting a resentencing hearing under the procedures set forth in section 1172.75, subdivision (d). At Harmon's request, and with no objection from the Attorney General, we exercise our discretion to treat Harmon's appeal as a petition for writ of habeas corpus, as Harmon did not timely appeal from the July 2022 order or amended judgment and there is no indication the December 2023

_____

[1] Undesignated statutory references are to the Penal Code.

order is appealable. We grant the petition for writ of habeas corpus and remand the matter for a full resentencing hearing.

## BACKGROUND

In 1994, a jury found Harmon guilty of one count of second degree robbery (§ 211). After finding prior conviction allegations to be true, the court sentenced Harmon to 50 years to life: 25 years to life for the robbery under the "Three Strikes" law (§ 667, subd. (e)), plus a consecutive term of 25 years for five prior serious felony enhancements under section 667, subdivision (a)(1) (five years each).[2] As reflected in the abstract of judgment, the court imposed three one-year enhancements under section 667.5, subdivision (b), and ran the three-year term concurrently with the rest of Harmon's sentence.

At the time Harmon was sentenced in 1994, section 667.5, subdivision (b), required a trial court, when sentencing a defendant to prison for a felony, to impose a one-year term for each prior prison term the defendant had served, unless the defendant had remained free of custody for at least five years. Effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b), to limit the enhancement to prior prison terms served for sexually violent offenses. (Sen. Bill No. 136

---

[2] The December 19, 1994 abstract of judgment indicates the court sentenced Harmon to a 20-year term for *four* prior serious felony enhancements, plus a five-year term for the robbery, in addition to 25 years to life for the robbery. This appears to be a clerical error, as it reflects the court imposed two different terms for the same robbery. We need not resolve the discrepancy at this juncture because we are remanding the matter to the trial court for a full resentencing, and Harmon may raise the issue there.

3

(2019-2020 Reg. Sess.); Stats. 2019, ch. 590, § 1.)  In 2021, the Legislature enacted Senate Bill No. 483, which made Senate Bill No. 136's changes to the law retroactive and added former section 1171.1, later renumbered section 1172.75, to achieve this purpose by providing resentencing relief for custodial defendants with now-invalid prior prison term enhancements.  (Sen. Bill No. 483 (2021-2022 Reg. Sess.); Stats. 2021, ch. 728, § 3; § 1172.75.)

In 2022, CDCR identified Harmon as someone who was potentially eligible for relief under former section 1170.1 (now section 1172.75) and so notified the trial court.  On July 21, 2022, the trial court (Judge Ricardo R. Ocampo) struck the three section 667.5, subdivision (b), prior prison term enhancements and stated it was leaving the remainder of Harmon's sentence of 50 years to life unchanged.  It does not appear from the record that the People or Harmon were notified about these proceedings.  In its minute order from that day, the court ordered the clerk to prepare an amended abstract of judgment and send it to CDCR.

On September 7, 2023, Harmon, as a self-represented litigant, filed a "Motion for Resolution to Correct the Sentence." He argued in the motion that pursuant to Senate Bill No. 483 and section 1172.75, he was entitled to present for the trial court's resentencing consideration evidence of "postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)  He requested the court appoint counsel to obtain

4

and "prepare such documentation for the court's review and consideration." He also asserted that the abstract of judgment prepared after the July 21, 2022 hearing referenced above did not accurately reflect his custody credits, and urged the court to correct the judgment.

On December 18, 2023, the trial court (Judge Teresa P. Magno) held a hearing on Harmon's motion, at which Harmon was not present nor represented by counsel. A deputy district attorney who was present informed the court that he had reviewed the motion and did not believe the court had jurisdiction because Judge Ocampo had already held a resentencing hearing under section 1172.75, and the "sentence is final." The court agreed with the prosecutor and denied the motion for lack of jurisdiction. The court commented that "the proper avenue" for Harmon to challenge the alleged "mistakes [that] were made by Judge Ocampo" is "to appeal the matter in a higher court." The trial court ordered the clerk to give Harmon notice of the ruling. The court's December 18, 2023 minute order indicates such notice was mailed to Harmon.

On January 3, 2024, Harmon, who was self-represented, filed a notice of appeal from the trial court's December 18, 2023 order.

## DISCUSSION

Section 1172.75, subdivision (a), provides that any section 667.5, subdivision (b), prior prison term enhancement imposed before January 1, 2020 is invalid, unless it was imposed for a prior conviction for a sexually violent offense. Subdivisions (b)-(d) of section 1172.75 establish the procedure for defendants in custody to obtain resentencing relief.

5

First, as set forth in subdivision (b) of section 1172.75, "The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement."

Second, as set forth in subdivision (c) of section 1172.75, "Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."

In resentencing a defendant under section 1172.75, the court is required to, among other things, appoint counsel for the defendant and "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2) & (5).) The court may also consider postconviction factors such as rehabilitation. (§ 1172.75, subd. (d)(3).)

On July 21, 2022, after receiving the requisite notice from CDCR and verifying that Harmon's abstract of judgment includes the section 667.5, subdivision (b), enhancements, the trial court struck the invalid enhancements but did not conduct a resentencing in accord with section 1172.75, subdivision (d). As both parties agree, this was error. Harmon was entitled to a full

6

resentencing.  (See *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276 [" 'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements' "].)

Harmon did not file a timely notice of appeal from the trial court's July 21, 2022 order or amended judgment.  We note that Harmon was not present at the July 21, 2022 hearing or represented by counsel, and the record does not indicate he received notice of the order or amended judgment within the period for filing an appeal.

Harmon took the instant appeal from the trial court's December 18, 2023 order denying his motion requesting a resentencing under section 1172.75, subdivision (d).  Section 1172.75 does not authorize a defendant to file a motion for resentencing (see *People v. Cota* (2023) 97 Cal.App.5th 318, 332), and Harmon does not explain how the order denying his motion would be appealable.

Rather, he requests that this court either (1) "view the December 18, 2023 hearing as simply an extension of the July 21, 2022 hearing so that [his] claim that he is entitled to a full resentencing hearing can be viewed on the merits," or (2) treat the appeal as a petition for writ of habeas corpus.  The Attorney General does not object to or endorse a particular approach but urges this court to review the matter on the merits, stating:  "In light of the clear errors that occurred at the 2022 recall-and-resentencing hearing, and in the interests of judicial and taxpayer economy, appellant's claims are well-taken and respondent agrees that the matter should be remanded" for a full resentencing hearing.

In the interest of judicial economy, we may exercise our discretion to treat a purported appeal as a petition for writ of habeas corpus and thereby reach the merits of the defendant's contentions. (*People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4.) We choose to do so here. As the Attorney General concedes, Harmon is entitled to a full resentencing in accordance with the procedures set forth in section 1172.75, subdivision (d), and we remand the matter for such a hearing.

**DISPOSITION**

Treating this appeal as a petition for writ of habeas corpus, we grant the petition. The matter is remanded for a full resentencing hearing pursuant to section 1172.75.

NOT TO BE PUBLISHED

KLATCHKO, J.[*]

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

---

[*] Judge of the Riverside County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.